IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Shaun David Bell, ) | |
| ) | |
| ) | Civil Action No. 8:15-343-GRA-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Gambrell Wrecker Service, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

      The plaintiff is a pretrial detainee at the Anderson County Detention Center. The defendant is a towing company operating in Anderson County. The Public Index database on the Anderson County Clerk of Court website (http://publicindex.sccourts.org/Anderson/PublicIndex/PISearch.aspx, last visited on Jan. 27, 2015) indicates that the plaintiff has three pending criminal charges against him: larceny for failure to return rented goods (No. 2014A0410101521) filed on December 16, 2014; unlawful carrying of a pistol (No. 2014A0420200167) filed on November 17, 2014; and possession of firearm or ammunition by a convicted felon (No. 2014A0420200168) filed on November 17, 2014. On page two of the complaint, the plaintiff indicates that, in the above-captioned case, he is attempting to litigate negligence, fraudulent intent, and loss or property (doc. 1 at 2).

      The "STATEMENT OF CLAIM" portion of the Section 1983 complaint indicates that this civil rights action arises out of the loss of the plaintiff's property that was contained in a rental car impounded by Gambrell Wrecker Service on November 12, 2014. The plaintiff indicates that he had rented a motor vehicle and was in the process of moving when he was "pulled over" by the Honea Path Police Department for a routine traffic stop on

November 12, 2014 (doc. 1 at 3). After the plaintiff gave permission to search the vehicle, a gun was found on one of the two passengers (*id.*). After the passenger would not "claim" the gun, the plaintiff and his two passengers were arrested (*id.*). The arresting officer notified Gambrell Wrecker Service to impound the vehicle and the plaintiff's personal belongings (*id.*). Gambrell Wrecker Service towed the plaintiff's rental vehicle to its impound lot in Honea Path (*id.*). The plaintiff was taken to the Anderson County Detention Center (*id.*). While there, the plaintiff notified his parents that he needed them to retrieve his personal belongings from the rental car (*id.*). When his parents went to the impound lot, they discovered that items were missing and that "what was left of them and everything that [the plaintiff] had was strewn all over the ground around" (*id.* at 4). The plaintiff also alleges that Gambrell Wrecker Service, for two months, failed to notify Hertz that it had possession of the car and failed to place the car on a towing list as required by law (*id.*).

The missing items include a touchscreen Apple I-Pod, two Dell laptop computers, summer clothes, a black suitcase full of tools, ratchets, straps, other tools, two pairs of Air Nike tennis shoes, and various types of clothes, jewelry, coins, knives, and cologne (*id.* at 4–5). According to the plaintiff, the value of the lost items is $14,000 (*id.* at 5). In his prayer for relief, the plaintiff seeks to be compensated for the loss of his personal property and to receive punitive damages (*id.* at 6).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of

liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The negligent loss of the plaintiff's personal property in the defendant's impound lot is not actionable. Negligence is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328–36 & n. 3 (1986); and *Pink v. Lester*, 52 F.3d 73, 78 (4th Cir. 1995) ("The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Secondly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200–03 (1989) (Due Process Clause of the Fourteenth Amendment does not transform every tort committed by a state actor into a constitutional violation).

Furthermore, the defendant is subject to summary dismissal for lack of action under color of state law. *See Am. Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–52 (1999); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). This district court has held that towing companies do not act under color of state law. *See Guidetti v. Cnty of Greenville*, Civil Action No. 6:11-1249-HMH-JDA, 2011 WL 5024287, at *8 (D.S.C. Sept, 12, 2011), *adopted by* 2011 WL 5024277 (D.S.C. Oct. 20, 2011).

There is no basis for diversity jurisdiction in the above-captioned case because both the plaintiff and defendant are citizens of South Carolina. 28 U.S.C. § 1332; and *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). Secondly, since the plaintiff calculates his loss at $14,000, the jurisdictional amount required by the diversity statute is obviously not met. *Anderson v. Caldwell*, Civil Action No. 3:10-1906-CMC-JRM, 2010 WL 3724752, at *4 (D.S.C. Aug. 18, 2010), *adopted by* 2010 WL 3724671 (D.S.C. Sept. 15, 2010).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process.  The plaintiff's attention is directed to the Notice on the next page.

January 30, 2015                                  Kevin F. McDonald
Greenville, South Carolina                 United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).