UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Shaun David Bell, ) | |
| ) | C/A No.: 8:15-cv-00343-GRA |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | (Written Opinion) |
| Gambrell Wrecker Service, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter comes before the Court for review of United States Magistrate Judge Kevin F. McDonald's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) DSC, and filed on January 30, 2015.  ECF No. 11.  For the reasons discussed herein, this Court adopts the magistrate judge's recommendation in its entirety.

## Background

Plaintiff Shaun David Bell, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983.  ECF Nos. 1 & 10.  Under established procedure in this judicial district, Magistrate Judge McDonald made a careful review of the *pro se* complaint and now recommends that this Court dismiss Plaintiff's case against Defendants without prejudice and without issuance and service of process.  ECF No. 11. Plaintiff timely filed objections to the magistrate judge's Report and Recommendation on February 9, 2015.  ECF No. 13.

## **Standard of Review**

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. *See Estelle v. Gamble*, 429 U.S. 97 (1976). Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). However, a court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

Plaintiff brings this claim *in forma pauperis* under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute requires a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii).

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions

of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). In this case, February 17, 2015 was the deadline for filing objections. ECF No. 11. Plaintiff filed timely objections to the Report and Recommendation on February 9, 2015. ECF No. 13.

## **Discussion**

Upon review of Plaintiff's objections, this Court will address the objection because it finds it to be specific and pertinent to the Report and Recommendation.

Plaintiff objects to the magistrate's recommendation that the action should be subject to summary dismissal for the Plaintiff's failure to plead facts indicating action under color of state law. To state a claim under § 1983, action taken under color of state law is required because "most rights secured by the Constitution are protected only against infringement by governments." *Guidetti v. Cnty of Greenville,* Civil Action No. 6:11-1249-HMH-JDA, 2011 WL 6024287 at *8 (D.S.C. Sept. 12, 2011), citing *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 156 (1978); *Holly v. Scott*, 434 F.3d 287, 291, 292 (4th Cir. 2006) ("Statutory and common law, rather than the Constitution, traditionally govern relationships between private parties.")). To act under color of state law for purposes of § 1983, a private individual's action that allegedly causes a deprivation of a federal right must be "fairly attributable to the state." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) quoting *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 937 (1982). "[P]rivate activity will generally not be deemed 'state action' unless the state has so dominated such activity as to convert it to state action." *Debauche v. Trani*, 191 F.3d at 507 (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). To become state action, private action must have a "sufficiently close nexus" with the state that the private action "may be fairly treated as that of the State itself." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. at 50 (quoting *Blum v. Yaretsky*, 457 U.S. at 1004). Plaintiff's complaint merely states that "[t]he officer notified Gambrell Wrecker Service to come and impound my vehicle in which they did and all of my personal belongings." ECF No. 1 at 3. He fails to allege sufficient facts to indicate that a claim for state action exists. Additionally, though Plaintiff objects that "Gambrell Towing Company was not acting independently upon my sole request

of their service.  In fact, they was acting under color of state law at the request of the Honea Path Police Dept. under directive through the Anderson County Sheriff's Office," ECF No. 13, this statement alone is not enough to establish a "sufficiently close nexus" between the alleged actions of the state actor and the non-state actor that would convert the private action into action by the "State itself."  *See Guidetti v. Cnty of Greenville,* Civil Action No. 6:11-1249-HMH-JDA, 2011 WL 6024287 at *8 (D.S.C. Sept. 12, 2011).  Neither the Plaintiff's Complaint nor his Objection to the Magistrate's Report and Recommendation sufficiently allege state action for § 1983 purposes by the non-state actors.

Accordingly, the Court finds that the Plaintiff's objection is without merit.  The objection is overruled.

## Conclusion

After a thorough review of the record, this Court finds that the magistrate judge's Report and Recommendation accurately summarizes the case and the applicable law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is DISMISSED *without prejudice* and without service on Defendants.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

July __7__, 2015
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal**.